UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA A. MCGEHEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00933-MTS |
| ) | |
| SYNCHRONY BANK, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

On review of the file, the Court notes multiple shortcomings in this matter. First, under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Local Rule 2.11 recognizes a "person's name on a signature block" as a signature *only* if that person made "[a]n authorized filing . . . through [that] person's electronic filing account." The Local Rule goes on to explain that even if a document is electronically filed, if it has been signed by someone "other than an attorney of record, the document must be physically signed." E.D. Mo. L.R. 2.11. Since Plaintiff does not claim to be an attorney of record, her typed name on her filings fails to satisfy the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, *Dean v. Stobie*, 4:24-cv-00074-MTS, 2024 WL 2846673, at *1 (E.D. Mo. June 5, 2024). The same is true for Matthew McGehee's Motion to Intervene. *See* Doc. [2]. Therefore, the Court will require them to "promptly" correct this deficiency by submitting to the Clerk of Court signed copies of these filings. *See* Fed. R. Civ. P. 11(a). If Plaintiff and Movant fail to do so by **Monday**, **July 28, 2025**, the Court

will strike the filings. *See id.* The striking of the Complaint will result in the dismissal of this action. *See Varela v. Fyke*, 8:17-cv-1217-PSG, 2017 WL 10796777, at *1 (C.D. Cal. Oct. 13, 2017) ("Absent an operative complaint, an action is subject to dismissal."); *cf.* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Additionally, a review of the docket shows that Plaintiff has not complied with Local Rule 2.02(B). Having failed to do so, Plaintiff will be unable to satisfy the requirements of Federal Rule of Civil Procedure 4(m). *See Amara v. Dep't of Navy*, 4:22-cv-1055-SEP, 2022 WL 17414953, at *1 (E.D. Mo. Dec. 5, 2022) ("Plaintiff is advised that he is responsible for serving Defendants because he is not proceeding *in forma pauperis*."). Therefore, the Court will require Plaintiff to comply with Local Rule 2.02(B) no later than **Monday**, **July 28, 2025**.

Additionally, Plaintiff must file proof of service of Defendant or a signed waiver of service by Defendant no later than **Thursday**, **September 18, 2025**. Failure to do so will result in the dismissal of this action without prejudice. *See* Fed. R. Civ. P. 4(m); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Accordingly,

- 3 -

**IT IS HEREBY ORDERED** that Plaintiff and Movant Matthew McGehee shall comply with Federal Rule of Civil Procedure 11(a) and Local Rule 2.11, as explained herein, no later than **Monday**, **July 28, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff shall comply with Local Rule 2.02(B), as explained herein, no later than **Monday**, **July 28, 2025**.

**IT IS FINALLY ORDERED** that Plaintiff shall serve Defendant and file proof of such service no later than **Thursday**, **September 18, 2025**.

Dated this 17th day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE