UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA A. MCGEHEE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:25-cv-0933-MTS |
| SYNCHRONY BANK, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Victoria McGehee filed a Motion to Vacate Arbitration Award in this Court seeking vacatur of an arbitrator's $24,207.99 award against her to Synchrony Bank ("Synchrony"). Synchrony filed an Answer, which included a counterclaim seeking to confirm the same arbitration award. Neither party, though, has satisfactorily explained the basis of the Court's subject matter jurisdiction over this matter, and the Court sees none. *See Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006) ("Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists."). For this reason, the Court will dismiss this matter without prejudice.

\*

Contrary to McGehee's position, Doc. [9] ¶ 4, the Federal Arbitration Act ("FAA") "does not itself create jurisdiction," *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). Rather, this Court must have "an 'independent jurisdictional basis' to resolve the matter." *Id.* (quoting *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Synchrony

recognizes this point.  *See* Doc. [23] ¶ 8.  But Synchrony also maintains that the Court has "federal-question jurisdiction under 28 U.S.C. § 1331" because "the underlying claims here arise under federal law."  *Id.*  That is incorrect.  *Badgerow*, which Synchrony itself cites, holds that the "look-through" approach to jurisdiction does not apply to requests to confirm or vacate arbitral awards under the FAA's Sections 9 and 10.  *Badgerow*, 596 U.S. at 5; *see also SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 178 (4th Cir. 2024) (recognizing *Badgerow* held that "'look-through' jurisdiction only applies to petitions to compel arbitration under Section 4 of the FAA").  Thus, neither position advanced by the parties establishes the Court's subject matter jurisdiction, and the Court sees no other jurisdictional basis.

McGehee and Synchrony's dispute in *this* matter "raise[s] no federal issue" because "the two are now contesting not [whether Synchrony violated the Fair Credit Billing Act] but the enforceability of an arbitral award."  *See Badgerow*, 596 U.S. at 9.  "That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims.  And quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts."  *Id.* (internal citations omitted).  This Court therefore lacks federal question jurisdiction over this matter.  *See* 28 U.S.C. § 1331; *see also Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 595 (2d Cir. 2024) (recognizing that federal question jurisdiction over a petition to confirm, modify, or vacate an arbitration award cannot be premised on the underlying claims that were arbitrated).

Nor does it appear that there is diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity among the parties and an amount in controversy exceeding $75,000. *See Badgerow*, 596 U.S. at 9 ("If [the application] shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction."). Neither McGehee nor Synchrony has shown the amount in controversy exceeds $75,000. What is more, filings show the amount in controversy is far less than $75,000, under both the demand approach and the award approach that federal courts use. *See* Doc. [1-3] at 1, 14 (showing a $33,492.00 demand and a $24,207.99 award); *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016) (recognizing courts have followed one of two approaches in determining whether the amount in controversy for establishing diversity jurisdiction over a petition to confirm an arbitration award—the amount awarded by the arbitration panel or the amount previously sought in the arbitration proceeding). This Court therefore lacks diversity jurisdiction over this matter.

\* \* \*

In sum, the parties have not explained how this Court has subject matter jurisdiction over this matter, and this Court "see[s] no . . . independent basis" for it. *See King v. Universal Health Servs. of Hartgrove, Inc.*, No. 23-3154, 2024 WL 3649598, at *2 (7th Cir. Aug. 5, 2024) (unpublished) (vacating a district court's confirmation of an arbitration award and remanding for the district court to dismiss the case for lack of subject matter jurisdiction). For this reason, the Court will enter herewith an Order of Dismissal, which will dismiss this matter without prejudice. *See County of Mille Lacs v.*

*Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.").

Dated this 9th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE